UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EVAN NORDGREN,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                      Case No. 3:13-cv-00840

EPIC SYSTEMS CORPORATION,

    Defendant.

---

### BRIEF IN SUPPORT OF EPIC'S MOTION TO DISMISS

---

Defendant, Epic Systems Corporation ("Epic"), hereby submits this memorandum of law in support of its Motion to Dismiss Plaintiffs' Collective and Class Action Complaint (ECF Dkt. #1, "Complaint").

### INTRODUCTION

Plaintiffs bring this collective and class action against Defendant alleging – in general and summary fashion – that Defendant failed to pay Quality Assurance ("QA") employees overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Wisconsin wage and hour laws, Wis. Stat. §§ 103.03, 109.03 and related regulations.

The Complaint should be dismissed because it contains no specific facts regarding the nature of Plaintiffs' job duties and no specific facts regarding the number of hours for which employees supposedly worked but did not receive overtime wages. Rather, the Complaint provides in conclusory fashion only:

- "the job duties performed by the Named Plaintiff and putative class members were those of FLSA non-exempt employees." (Complaint ¶12).

- "Named Plaintiff and putative class members were customarily and regularly suffered and permitted to work hours over 40 a week without overtime compensation." (*Id*. ¶13).[1]

These unsupported bare-bones allegations merely parrot the framework of the FLSA and Wisconsin wage and hour law that non-exempt employees should be paid for hours worked over 40 in a week. The Complaint does not contain any specific facts regarding the job duties performed by QA employees, nor does it contain specific facts regarding hours worked over 40 in a week. The Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) because it does not meet the pleading requirements set forth by the U.S. Supreme Court and the Seventh Circuit.

## ARGUMENT

### I. LEGAL SUFFICIENCY OF A COMPLAINT

In reviewing the sufficiency of a complaint under the plausibility standard announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Seventh Circuit instructs courts to "accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "After excising the allegations not entitled to the presumption, [the court must] determine whether the remaining factual allegations plausibly suggest an entitlement to relief." *McCauley*, 671 F.3d at 616.

Pursuant to that standard, the Seventh Circuit requires that a complaint "provide some specific facts" to support the legal claims asserted. *McCauley*, 671 F.3d at 616 (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Although the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

---

[1] Similar conclusory statements are made in paragraphs 1, 28, 29, 38 and 39 of the Complaint.

2

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must contain allegations plausibly suggesting – not merely consistent with – an entitlement to relief. *Id*.

Here, Plaintiffs' Complaint contains only summary conclusions that QA employees' job duties are non-exempt – without identifying a single job duty – and summary conclusions that employees worked more than 40 hours in a week. This falls short of federal pleading requirements.

## II. COURTS ROUTINELY DISMISS WAGE AND HOUR COMPLAINTS THAT MERELY RECITE THE STATUTORY FRAMEWORK

Other Circuit Courts of Appeals[2] and district courts, both within the Seventh Circuit and nationally, routinely dismiss complaints that similarly contain only bare and conclusory allegations that employees are "non-exempt" or "regularly work more than 40 hours."

For example, in *Dejesus v. HF Management Services, LLC*, the Second Circuit upheld the lower court's decision to dismiss the plaintiff's complaint because she failed to estimate her hours worked over 40 and instead alleged only that in "some or all weeks" she worked more than "40 hours" a week without being paid overtime. 726 F.3d 85, 89 (2d. Cir. Aug. 5, 2013). The court found this statement to be "no more than rephrasing the FLSA's formulation" and that the plaintiff was certainly "required to do more than repeat the language of the statute." *Id*. The court recognized that, although plaintiffs likely could not plead their hours worked with mathematical precision, they nevertheless must draw on their memory and experience in order to provide complaints which sufficiently developed factual allegations. *Id*. at 90.

In *Pruell v. Caritas Christi*, the plaintiffs had alleged that they "regularly worked" more than 40 hours a week and were not properly compensated. 678 F.3d 10, 12 (1st Cir. 2012). The

---

[2] The Seventh Circuit Court of Appeals has not yet issued an opinion regarding a bare-bones FLSA-specific complaint under the standards set forth in *Twombly* and *Iqbal*.

3

QB\24435905.3

First Circuit concluded that such a formulation was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." *Id*. In affirming the lower court's dismissal of the complaint, the court reasoned that the allegations were "little more than a paraphrase of the statute" and were "too meager, vague, or conclusory" to survive a motion to dismiss. *Id*.

Courts within the Seventh Circuit have also recently held that similarly superficial or formulaic wage and hour claims, including those that fail to allege job duties and hours worked, should be dismissed. In both *Pazda v. Blast Fitness Group Personal Training, LLC*, 2013 WL 4659688 (N.D. Ill. Aug. 29, 2013) and *Kwan Bom Cho v. GCR Corp.*, 2013 WL 675066 (N.D. Ill. Feb. 22, 2013), the plaintiffs vaguely asserted that they were non-exempt without alleging their job duties, that they worked more than 40 hours per week without providing any factual support, and that they were not paid overtime compensation. In both cases, the district court found the complaints to be devoid of any factual support for the bare conclusions that the plaintiffs were non-exempt or that they actually worked more than 40 hours per week. The court held that, in order to survive a motion to dismiss, wage and hour complaints must include allegations such as "when [the plaintiffs] worked for Defendant, what they did for Defendant, how many hours they worked, or what, if anything, they were paid." *Pazda*, 2013 WL 4659688, at *3 (citing *Kwan Bom Cho*, 2013 WL 675066, at *2). To state a claim, plaintiffs must "provide some specific facts to ground those legal claims." *Id*. Thus, quoting the Seventh Circuit, the district court in *Pazda* and *Kwan Bom Cho* noted that a plaintiff must do more than "merely parrot the statutory language of the claims that they are pleading (something that anyone could

4

do, regardless of what may be prompting the lawsuit.)" *Pazda*, 2013 WL 4659688, at *3, and *Kwan Bom Cho*, 2013 WL 675066, at *2 (both citing *Brooks*, 578 F.3d at 581).

These are by no means the only cases dismissing wage and hour complaints for conclusory pleading in the Seventh Circuit or in other Circuits. *See, e.g., White v. Classic Dining Acquisition Corp*, 2012 WL 1252589 (S.D. Ind. Apr. 13, 2012) (dismissing FLSA complaint that did not indicate plaintiffs' actual hourly earnings, how often the plaintiffs were not paid minimum wages, or the amount of unpaid minimum wages); *Attanasia v. Cmty. Health Sys., Inc.*, 2011 WL 5008363 (M.D. Pa. Oct. 20, 2011) ("The Complaint in the instant case fails" because it "merely alleges that, for the relevant period, the named Plaintiffs were all non-exempt employees as defined by the FLSA" but "wholly fail[s] to plead where exactly they work or what it is they do, how long they have done it for, and other basic facts that would add credence to their bare legal recitations."); *Hoffman v. Aspen Dental Management, Inc.*, 2011 WL 3902773 (S.D. Ind. Sept. 6, 2011) (dismissing FLSA complaint that failed to allege facts such as plaintiff's hourly rate or the number of hours she estimates she worked but was not paid); *Maradiaga v. Pyle*, 2012 WL 3038596 (D.N.J. July 15, 2012) (granting motion to dismiss FLSA claim because complaint was a "formulaic recitation of the elements of the cause of action" that was "utterly devoid of specific factual allegations supporting any of these conclusory statements.")

By contrast, complaints that allege much more – such as job duties, hourly rate, specific policies, and hours worked over forty – survive a motion to dismiss. *See Wyndham Vacation Resorts, Inc.*, 2013 WL 5878724 (W.D. Wis. Nov. 1, 2013) (Conley, J.) (denying motion to dismiss in FLSA action where plaintiffs alleged substantially more than the instant Complaint, including the plaintiffs' primary job duties, their hourly rate, the specific policies and practices that allegedly violated the FLSA, and an estimate as to how many hours they regularly worked).

5

### III. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

Plaintiffs' Complaint makes the same conclusory allegations as those considered – and dismissed – by other courts. Here, the Plaintiffs fail to provide a *single* fact to plausibly suggest that, by virtue of their job duties, they are non-exempt employees entitled to overtime under the FLSA or Wisconsin law. Indeed, the Complaint says nothing at all about their job duties except that "the job duties performed by the Named Plaintiff and putative class members were those of FLSA non-exempt employees." (Complaint ¶12). The same is true with regard to hours worked – there are no specific facts supporting the bald conclusion that the "[n]amed Plaintiff and putative class members were customarily and regularly suffered and permitted to work hours over 40 a week without overtime compensation." (*Id*. ¶13). The Plaintiffs do not even estimate the number of hours they worked for which Defendant allegedly did not pay them overtime wages.

These conclusions are not enough to sustain a complaint under applicable pleading requirements. The Seventh Circuit instructs courts to "excise" legal conclusions and conclusory allegations that merely recite the elements of the claim because a complaint must "provide some specific facts" to support the legal claims asserted. *McCauley*, 671 F.3d at 616. Excising the legal conclusions and conclusory allegations in the Plaintiffs' Complaint here leaves nothing but a hollow vessel. Without any specific facts, there is no claim and the Complaint is insufficient.

### CONCLUSION

For the above reasons, Plaintiff's Complaint should be dismissed.

| | |
|---|---|
| Dated: January 9, 2014 | QUARLES & BRADY LLP |
| | |
| | *s/Christopher L. Nickels* |
| | Sean M. Scullen, State Bar No. 1034221 |
| | sean.scullen@quarles.com |
| | Michael Aldana, State Bar No. 1020233 |
| | michael.aldana@quarles.com |
| | Christopher L. Nickels, State Bar No. 1083481 |
| | christopher.nickels@quarles.com |
| | 411 East Wisconsin Avenue, Suite 2350 |
| | Milwaukee, WI 53202-4426 |
| | 414.277.5000 |
| | |
| | Attorneys for Defendant, Epic Systems Corporation |