IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EVAN NORDGREN

                        Plaintiff,

vs.

EPIC SYSTEMS CORPORATION

                        Defendant.

Case No. 13-cv-840

## DECLARATION OF WILLIAM E. PARSONS IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND JOINT STIPULATION FOR CLASS CERTIFICATION

I, William Parsons, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1.      I am one of the attorneys representing the Plaintiff and putative Class in the above-captioned matter.

2.      Between Plaintiff's filing of the Complaint and the present time, the parties have engaged in collecting discovery on a class-wide basis. Plaintiff served 56 Requests for Production of Documents on Defendant, and received and reviewed over 200,000 pages of documents. These documents included training documents, recruiting documents, internal "wikis" outlining the job requirements of QA and other employees at Epic, and thousands of pages of emails.

3.      The parties conflicted over Plaintiff's discovery requests, and met and conferred multiple times to resolve disputes. Plaintiff's counsel prepared a motion to compel, which was not filed due to Defendant's desire to mediate.

{00234993.DOCX}

4. Plaintiff took the 30(b)(6) depositions of Stirling Martin and Brian Benz, as well as a deposition of Epic employee Jennifer Waugh. In preparation for these depositions, Plaintiff's counsel reviewed hundreds of thousands of pages of discovery and other evidence. Plaintiff's counsel had also prepared to depose several other key decision-makers at Epic.

5. Plaintiff engaged several experts in the course of litigation, including the following:

a. George Friday, former Department of Labor investigator;

b. Linda Westfall, software engineer and software testing consultant; and

c. Dr. Gregg Rothermel, University of Nebraska-Lincoln software engineering professor.

6. Defendant produced complete payroll and time log data ("TLG" data) for the putative Fed. R. Civ. P. 23 Class, a total of 986 individuals. Plaintiff engaged Advanced Analytical Consulting Group to analyze the data produced by Defendant, including TLG data, salary and bonus information, security swipe data, and email time-stamps. Advanced Analytical Consulting Group performed analysis on this data and created a model to calculate damages in the case. This model used the actual hours recorded by Class Members on a week to week basis to calculate the regular and overtime pay rate for each week during the statutory period, and allowed Plaintiff's counsel to add a variable number of work hours to each week across the Class to represent undocumented work time. Defendant created a nearly

identical model using the same data.

7.  The parties engaged in mediation on July 24, 2014, with the assistance of Judge Morton Denlow. Judge Denlow is a retired federal magistrate judge with expertise in resolving complex wage and hour disputes. In preparation for the mediation, Plaintiff interviewed the opt-in Class Members and prepared declarations. The parties also exchanged mediation statements.

8.  The parties agreed to a Settlement Fund in the amount of $5,400,000. At all times, negotiations were conducted at arms' length.

9.  The settlement provides all participating Settlement Class Members a substantial benefit in light of the risk of no recovery. All Settlement Class Members will receive compensation for hours worked over 40 per work week based on their actual TLG data, plus an average of 3.7 hours per week to represent uncaptured work time, as well as liquidation at 50% pursuant to Wisconsin law and 100% pursuant to federal law, before attorneys' fees.

10.  Hawks Quindel, S.C. and Habush Habush & Rottier S.C. seek to represent the putative Class. Hawks Quindel has served as Class Counsel in numerous similar wage and hour disputes in front of this Court and is experienced in handling complex wage and hour class actions. Hawks Quindel and Habush Habush & Rottier have served as co-counsel on multiple complex wage and hour class actions.

11.  Plaintiff is not aware of any other pending litigation regarding this controversy.

Executed this 31st day of October, 2014.

_/s/ William Parsons_
William Parsons