IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**EVAN NORDGREN**

      Plaintiff,

vs.

**EPIC SYSTEMS CORPORATION**

      Defendant.

Case No. 13-cv-840

---

**PROPOSED ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

Based on the parties' submissions in support of their Motion for Preliminary Approval of Class Action Settlement, as well as the record as a whole, IT IS ORDERED THAT:

(1) Preliminary approval of the Settlement Agreement is granted as the Court finds that the settlement terms negotiated by the parties and described in the Settlement Agreement are a fair, reasonable, and adequate resolution of a *bona fide* dispute between Defendant Epic Systems Corporation and all affected employees;

(2) The Fed. R. Civ. P. 23 Settlement Class defined in the Settlement Agreement is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23. The Court finds that this Class meets the Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) requirements. The Settlement Class is defined as follows:

> All persons who have been or are employed by Epic Systems Corporation as a Quality Assurance employee (excluding Teams Leads and similar positions) at any time from December 6, 2011 to September 6, 2014.

(3) Evan Nordgren shall serve as representative of the Settlement Class;

(4) The law firms of Hawks Quindel, S.C. and Habush Habush & Rottier S.C. are hereby appointed as class counsel for the Settlement Class;

(5) The Court approves the Notice of Class Action Settlement attached as Exhibit B to the Settlement Agreement (dkt. #68.1) and finds that this Notice

1

constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution

(6) The Court directs each potential Class Member who wishes to be excluded from the Settlement Class to opt-out per the instructions set forth in the Settlement Notice, and their response must be received by a date and time to be determined by the Court;

(7) Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

(8) Class Counsel shall file a Petition for Approval of Attorneys' Fees and Costs at least twenty-one (21) days prior to the Fairness Hearing, any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees and costs shall be filed at least seven (7) days before the Fairness Hearing, and the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

(9) Any Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Settlement Notice no later than sixty (60) days after the mailing of the Settlement Notice, together with copies of all papers in support of his or her position; and

(10) The Court will conduct a Fairness Hearing at a date and time to be determined by the Court.

(11) In the event that the Court does not grant final approval following the Fairness Hearing, the Court's order preliminarily certifying the Class shall be null and void.

Dated this _____ day of November 2014.

       By:_____
         Honorable Barbara B. Crabb
         U.S. District Court, Western District of Wisconsin